**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY

                                  :
AMY HERZOG,                       :   CIVIL ACTION NO. 11-4571 (MLC)
                                  :
     Plaintiff,                   :   MEMORANDUM OPINION
                                  :
     v.                           :
                                  :
INDYMAC BANK, FSB, et al.,        :
                                  :
     Defendants.                  :
                                  :
```

**COOPER, District Judge**

Plaintiff, Amy Herzog, commenced this action in New Jersey Superior Court against Defendants, IndyMac Bank, FSB ("IndyMac"), OneWest Bank, FSB ("OneWest"), and Goldman Sachs Mortgage Company ("GSMC"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"), and the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq. ("NJCFA"). (Dkt. entry no. 1, Rmv. Not., Ex. 1, Compl.)  OneWest and GSMC ("Moving Defendants") now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Herzog fails to state any claim upon which relief can be granted.  (Dkt. entry no. 5, Mot. Dismiss.)  Herzog opposes the motion.  (Dkt. entry no. 14, Opp'n Br.)

The Court will address the motion without oral argument pursuant to Local Civil Rule 78.1(b) and, for the reasons set forth below, will grant the motion in part.

**BACKGROUND**

As alleged in the Complaint, Herzog accepted a $500,000 loan ("the Loan") from IndyMac on July 21, 2006. (See Compl. at ¶ 1.) In exchange for the Loan, Herzog executed a note in favor of IndyMac at an initial interest rate of 7.75% per annum and with initial monthly payments of $3,229.17. (Id.; Compl., Ex. A, Note.) She also executed a mortgage on real property located at 8 Davenport Drive in Princeton Junction, New Jersey. (Compl. at ¶ 2; Compl., Ex. B, Mortg.) Herzog alleges that IndyMac failed to provide Herzog with either an initial or a final Uniform Residential Loan Application ("URLA"). (Compl. at ¶ 3.)

The Court takes judicial notice that the United States Department of the Treasury, Office of Thrift Supervision closed IndyMac on or about July 11, 2008, and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. See Murdock v. E. Coast Mortg. Corp., No. 10-4717, 2011 WL 3611394, at *2 (D.N.J. Aug. 17, 2011). Herzog accordingly alleges that OneWest is the current servicer and that GSMC is the current investor on the Loan. (Compl. at ¶ 5.)

Through the Complaint, Herzog raises three claims against IndyMac, OneWest, and GSMC. First, she alleges that IndyMac's failure to provide an URLA constitutes a violation of RESPA. (Id. at ¶ 3.) Second, she alleges that the Loan was predatory because it "provided for negative amortization without properly

informing Herzog of what this entailed." (Id. at ¶ 4.) Herzog thus alleges that Defendants violated TILA, and that TILA violation, in turn, constitutes a violation of NJCFA. (Id. at ¶ 4.) Finally, Herzog alleges that, under NJCFA, the Loan "constituted an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against Herzog," based upon "improper disclosures" and failure to provide "proper documentation and disclosures". (Id. at ¶¶ 9-10.)

Moving Defendants removed the action to this Court and, as noted above, now move to dismiss the Complaint pursuant to Rule 12(b)(6). (Rmv. Not.; Mot. Dismiss.)[1] They argue that Herzog has failed to set forth a claim under RESPA and that, even if such a claim had been properly raised, it would be barred by the applicable statute of limitations. (Dkt. entry no. 5-1, Defs. Br. at 6-9.) They also argue that Herzog's TILA claim is barred by the applicable statute of limitations. (Id. at 5-6.) Herzog does not directly respond to Moving Defendants' argument that she failed to state a claim under RESPA. She does, however, argue that the Court should effectively extend the limitations periods

---

[1] Because neither IndyMac nor the FDIC received service in this matter, their consent was not required to remove the action to this Court. See, e.g., Brown v. Jevic, 575 F.3d 322, 327 (3d Cir. 2009). Further, because neither IndyMac nor the FDIC have received service in this action, and because Herzog commenced this action more than 120 days ago, the Court will terminate the action insofar as it was brought against IndyMac. See Fed.R.Civ.P. 4(m).

for her RESPA and TILA claims by applying the doctrine of equitable tolling because the "Complaint sufficiently discloses that many facts were concealed during the course of the loan transaction[.]"  (Opp'n Br. at 6-8.)

Moving Defendants also argue that Herzog's NJCFA claims fail for three reasons, i.e., because: (1) such claims rest upon the RESPA and TILA claims, are barred by the applicable statutes of limitations; (2) the Loan was neither predatory nor a negative amortization loan; and (3) Herzog has failed to plead facts supporting her claim that the Loan "constituted an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation[.]"  (Defs. Br. at 9-13.)  Herzog asserts, as noted above, that the underlying RESPA and TILA claims should survive the statutes of limitations under the doctrine of equitable tolling.  (Opp'n Br. at 6-8.)  She further argues that the Complaint facially supports her other claims under NJCFA.  (Id. at 11.)

Herzog finally argues that the Court, if it finds that dismissal is warranted, should permit her the opportunity to file an amended complaint.  (Id. at 12.)

## DISCUSSION

### I. Standard of Review

A party may move to dismiss a claim pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be

4

granted." Fed.R.Civ.P. 12(b)(6); see also Carmen v. Metrocities Mortg., No. 08-2729, 2010 WL 421115, at *3-8 (D.N.J. Feb. 1, 2010) (granting defendants' Rule 12(b)(6) challenges to complaint). In addressing a motion to dismiss a claim under Rule 12(b)(6), the Court must accept all of the factual allegations contained in the complaint as true, construe the claims contained therein in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of those claims, the plaintiff may be entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). At this stage, the complaint "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants is liable for the misconduct alleged." See Iqbal, 129 S.Ct. at 1949 (citation omitted).

The Court, when considering a motion to dismiss filed pursuant to Rule 12(b)(6), generally may not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). The Court may, however, consider certain documents without converting such a motion into one for summary judgment. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004). Such documents include

exhibits that are attached to the pleadings, and documents integral to or explicitly relied upon in the pleadings. Id.

**II. The RESPA Claim**

RESPA exists "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a).

> It is the purpose of this chapter to effect certain changes in the settlement process for residential real estate that will result--
> (1) in more effective advance disclosure to home buyers and sellers of settlement costs;
> (2) in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services;
> (3) in a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and
> (4) in significant reform and modernization of local recordkeeping of land title information.

12 U.S.C. § 2601(b).

RESPA, although requiring lenders to provide some disclosures, such as settlement statements, does not require disclosure of loan applications. See 12 U.S.C. §§ 2601-2617. Herzog thus cannot state a claim under RESPA for IndyMac's alleged failure to provide her a copy of the URLA. The Court will accordingly grant the motion insofar as it seeks dismissal

of Herzog's RESPA claim, without consideration of the applicable statute of limitations.

### III. The TILA Claim

TILA exists "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and . . . practices." 15 U.S.C. § 1601. TILA thus requires lenders to make specific disclosures to borrowers and provides a civil cause of action for violation of these disclosure requirements. See Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 500 (3d Cir. 1998).

If a lender fails to make one or more of the required disclosures, a plaintiff may bring an action against the lender, seeking statutory damages. Such a claim, however, is subject to a one-year statute of limitations, which begins to run when the underlying contract is executed. See 15 U.S.C. § 1640(e); Bartholomew v. Northampton Nat'l Bank of Easton, 584 F.2d 1288, 1296 (3d Cir. 1978). The statute of limitations thus began to run here on July 21, 2006 and expired on July 23, 2007, approximately one year before the Complaint in this action was filed. (See Compl. at ¶ 1.)[2]

---

[2] July 21, 2007 fell on a Saturday. The statute of limitations thus ran until July 23, 2007. See Fed.R.Civ.P. 6(c).

This limitations period is, however, subject to equitable tolling.  <u>Ramadan</u>, 156 F.3d at 504.  Equitable tolling is an extraordinary remedy that can rescue a claim otherwise barred by a statute of limitations "when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  <u>Santos v. United States</u>, 559 F.3d 189, 197 (3d Cir. 2009) (internal quotation marks and citation omitted).  Because equitable tolling is an extraordinary remedy, courts grant it only sparingly.  <u>Hedges v. United States</u>, 404 F.3d 744, 751 (3d Cir. 2005).

The doctrine applies only in very limited circumstances, including, <u>inter</u> <u>alia</u>, where the plaintiff alleges that the defendant actively misled the plaintiff about the plaintiff's cause of action.  <u>Santos</u>, 559 F.3d at 197.  When raising the doctrine on such grounds, the complaint must contain particularized allegations that: (1) the defendant actively misled the plaintiff; (2) such action prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) the plaintiff's ignorance of her claims was not attributable to her lack of reasonable due diligence in attempting to uncover relevant facts.  <u>Cetel v. Kirwan Fin. Gp., Inc.</u>, 460 F.3d 494, 509 (3d Cir. 2006).

The Complaint in this matter does not contain such allegations.  Although Herzog claims that IndyMac failed to

disclose the full finance charge on the Loan, Herzog has not alleged facts demonstrating either that such action prevented her from recognizing the validity of her claim within the limitations period imposed by 15 U.S.C. § 1640(e), or that her failure to recognize her claim stemmed from IndyMac's deception rather than from her failure to uncover and investigate relevant facts.  (See Compl. at ¶ 4.)  See Cetel, 460 F.3d at 509.  The Court will thus grant the motion insofar as it seeks dismissal of Herzog's TILA claim.  The Court will dismiss the claim, however, without prejudice to Herzog to move for leave to file an amended complaint.  See Fed.R.Civ.P. 15(a)(2).

**IV.   The NJCFA Claims**

The Court will remand Herzog's NJCFA claims to state court pursuant to 28 U.S.C. § 1367(c)(3), because such claims arise under state law.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999).  In so doing, the Court offers no opinion on the merits or the viability of such claims.  The Court will remand such claims without prejudice, thus allowing Herzog to move for leave to file an amended complaint before this Court that includes both the aforementioned potential amended TILA claims and any proposed amended NJCFA claims.[3]

---

[3] The Court, in so doing, will deny the part of the motion concerning the NJCFA claims without prejudice.

9

**CONCLUSION**

For all of the reasons stated above, the Court will grant the motion to dismiss.  In so doing, the Court will: (1) dismiss Herzog's claims under RESPA with prejudice; (2) dismiss Herzog's claim under TILA without prejudice; and (3) remand Herzog's claims under NJCFA without prejudice.  The Court will also, as noted in n.1, supra, order that judgment be entered in favor of IndyMac, as neither IndyMac nor its receiver, the FDIC, were served within 120 days of the filing of the Complaint.

The Court will issue an appropriate Order and Judgment.


                                           s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge


Dated:    November 9, 2011